**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

SWIFT

     VS                                                                    CASE NO.  1:10-cv-90  MMP

BANKCORPSOUTH BANK

**ORDER FOR PRE-TRIAL CONFERENCE**
**AND SETTING TRIAL**

All discovery having now been completed, the following pre-trial schedule and

procedure is established:

**I.       DATES FOR COMPLIANCE WITH PRE-TRIAL PROCEDURE**

A.      This case is set for pre-trial conference before one of the judges of this

court at **Gainesville**, Florida, on Thursday, **September 4, 2014** at **2:30**

**p.m.**

B.      The pretrial issues memoranda required by paragraph II shall be filed with

the Clerk of Court on or before **June 20, 2014**. Responses and replies

shall be filed on or before **July 21, 2014** and **August 11, 2014**,

respectively.

C.      The attorney's conference required by paragraph III shall be held no later

than **August 21, 2014**.

D.      The pre-trial stipulation and other pages required by paragraphs IV and V

shall be filed with the Clerk of this Court on or before **August 28, 2014**.

E.      This trial period will be determined at the pre-trial conference.

**II.      PRETRIAL ISSUES MEMORANDA**

Each party shall describe the status of the case and set forth any issues that it contends

the Court needs to decide before trial of this case. Each party shall propose how it

suggests that the Court resolve each purported issue, and set forth any special procedures the party proposes for managing trial. The Court solicits these memoranda for the purpose of streamlining issue for trial and clarifying the order and structure of trial. The Court therefore directs counsel for the parties to meet and confer after the filing of the pretrial issues memoranda, as well as after filing of the responses and replies thereto, to attempt to reach agreement on the issues raised. The parties should be guided by the "matters for consideration" enumerated in Fed. R. Civ. P. 16(c)(2). The pretrial issues memoranda shall not exceed 30 pages. Responses shall not exceed 25 pages. Replies shall not exceed 10 pages.

III.    <u>ATTORNEY'S TO CONFER</u>

Counsel for all parties shall meet together on the date specified in paragraph I(C) for the following purposes:

A.    To discuss the possibility of settlement;

B.    To stipulate to as many facts and issues as possible;

C.    To draw up pre-trial stipulations in accordance with paragraph IV of this order;

D.    To examine all exhibits and documents proposed to be used in the trial;

E.    To furnish opposing counsel the names and addresses of <u>all</u> witnesses, including possible rebuttal witnesses and experts;

F.    To discuss the question of damages, including matters of evidence and proof which either party proposes to present at trial and the law in regard thereto; and

G.    To complete all other matters which may expedite both the pre-trial and the trial of this case;

H.    Counsel for the plaintiff shall initiate arrangements for the attorneys'

conferences.  However, all attorneys in this cause are charged with the

duty of meeting in such conferences and of complying with the schedule

set forth the in this order.  If the schedule is not kept by any counsel, it is

the duty of the other counsel to insist upon the necessary meeting or

meetings to effect the pre-trial stipulation and failing to succeed, to advise

the court by motion seeking sanctions against any party failing or refusing

to meet as directed after request.

## IV.   PRE-TRIAL STIPULATION

The pre-trial stipulation shall contain the following:

A.   The basis of federal jurisdiction;

B.   A concise statement of the nature of the action;

C.   A brief general statement of each party's case;

D.   A list of all exhibits to be offered at the trial, noting any objections thereto and the grounds for each objection;

E.   A list of names and addresses of  all witnesses, including rebuttal and expert, intended to be called at the trial by each party.  Expert witnesses shall be labeled as such;

F.   A concise statement of those facts which are admitted and will require no proof at trial, together with any reservations directed to such admissions;

G.   A concise statement of those issues of law on which there is agreement;

H.   A concise statement of those issues of fact which remain to be litigated;

I.   A concise statement of those issues of law which remain for a determination by the Court;

J.   A concise statement of any disagreement as to the application of Rules of Evidence or the Federal Rules of Civil Procedure;

K.      A list of all motions or other matters which require action by the Court;

L.      A statement whether this is now a jury or non-jury trial case;

M.     Counsel's respective estimates of the length of the trial; and

N.      The signatures of counsel for all parties.

## V.    PAPERS TO BE SUBMITTED

No later than the date specified in paragraph I(D), the parties shall file with the Clerk of the Court:

A.      The pre-trial stipulation prepared in accordance with paragraph IV of this order.

B.      Counsel for each party in any <u>jury</u> trial shall submit to the Clerk of Court for filing, with copies to opposing counsel, written requests for instructions to the jury, together with proposed forms for verdict.  Upon good cause shown, supplemental requests for instruction may be submitted at any time prior to the arguments to the jury.  All requests for instructions shall be plainly marked with the name and number of the case; shall contain citations of supporting authorities; shall designate the party submitting the same; and in the case of multiple requests by a party shall be numbered in sequence.

C.      Counsel for each party in a <u>non-jury</u> trial shall submit to the Clerk of the Court for filing, with copies to opposing counsel, proposed written findings of fact and conclusions of law or, in lieu thereof; a proposed opinion or memorandum of decision in which such proposed findings of fact and conclusions of law appear, with complete citation authorities where appropriate (see Rule 52, FRCP).

D.      Counsel for each party in any case shall arrange with the Clerk of the

Court for marking for identification, in the sequence proposed to be offered, all exhibits intended to be offered by such party.

## VI.   CONDUCT OF THE PRE-TRIAL CONFERENCE

A.   Counsel who will conduct the trial are required to be present for the pre-trial conference.  They will be prepared to act with final authority in the resolution of all matters.

B.   The court will ordinarily dispose of all motions and other matters then at issue.  The Court will review all matters contained in the pre-trial stipulation and consider any other matters which may be presented with a view towards simplifying the issues and bringing about a just, speedy, and inexpensive determination of the case.

C.   Counsel will be prepared to discuss, and there will be discussed, the prospects of settlement.

## VII.   PRE-TRIAL ORDER

A.   Counsel for all parties, with counsel for the plaintiff taking the initiative, shall submit a pre-trial order for the Court's approval within ten (10) days after the pre-trial conference.  The pretrial order so prepared shall incorporate and modify the pre-trial stipulation in light of any additional agreements reached and rulings made at the pre-trial conference.

B.   After the pre-trial order is entered by the Court, the pleadings will be merged therein and the pre-trial order will control the course of the trial and may not be amended except by order of the Court in furtherance of justice.

## VIII.   NEWLY DISCOVERED EVIDENCE OR WITNESSES

If new evidence or witnesses are discovered after the pre-trial conference, the  party

desiring to use the same shall immediately furnish the complete details thereof, together

with the reason for the late discovery, to the Court and to opposing counsel.  Use of

such evidence or witnesses shall then be allowed only by order of the Court in

furtherance of justice.

## IX.     ADDITIONAL PRE-TRIAL CONFERENCES

If necessary or advisable, the Court may adjourn the pre-trial conference from time to

time or may order additional pre-trial conferences.

## X.     SPECIAL MATTERS

A.     Federal Rule of Civil Procedure forty-eight (48) states " The court shall

seat a jury of not fewer than six and not more than twelve members".

Effective December 1, 1991 this rule abolished alternate jurors, and

mandated that all jurors participate in the verdict.  Counsel will advise the

Court of the number of jurors they desire, whether they will accept a

verdict from less than a unanimous jury, and whether they will accept a

verdict from a jury of less than six (6).

B.     No motion for summary judgment or other motion filed after the date of

this order will be grounds for cancellation or postponement of the pre-trial

conference or as a basis for non-compliance with any other requirement of

this order.  The parties will be expected to comply with this order as fully

and to the same extent as though no such motion had been filed.  No such

motion not served in time for it to be heard and determined at the pretrial

conference, under the time limitations contained in the Federal Rules of

Civil Procedure, will be considered.  Parties will submit memoranda

regarding any such motion to the Court in accordance with Local Rule.

C.     If the case is settled prior to pre-trial conference, it is the responsibility of the parties to see that the Court is immediately advised.

D.     Voir dire examinations of jurors will be conducted by the Court.  If a party wishes to submit voir dire questions for the Court's consideration, the same must be in writing and filed with the Clerk of the Court at least seven (7) days prior to trial, with copy to opposing counsel.  At the conclusion of the Court's voir dire examination, reasonable opportunity will be given for counsel to ask questions they believe should properly be asked because of answers given or other matters occurring during voir dire, not satisfactorily explained by the Court's inquiry.

E.     Jury selection will be accomplished in the manner specified to counsel prior to trial, but will be conducted in one of the following ways;

     1.     The entire panel will be examined after which the attorneys will be given the opportunity to exercise their challenges; and

     2.     The jury box will be filled and those prospective jurors examined, following which challenges must be exercised; those excused will be replaced and the new prospective jurors will be examined as before, this process to be continued until trial jurors are selected.  Whichever process is followed, no backstriking will be permitted.

F.     Should a party or his attorney fail to appear at a pre-trial conference or otherwise fail to comply with this order, an ex parte hearing may be held and judgment of dismissal or default or other appropriate judgment

entered or sanctions imposed.

Counsel, as used herein, means and includes any party who is appearing pro se.


DONE and ORDERED this 5th of June, 2014.


s/Maurice M. Paul
_____
MAURICE M. PAUL, SENIOR
UNITED STATES DISTRICT JUDGE